# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| APPELLANT<br>KEN GOLDSMITH<br><br>v.<br><br>APPELLEES<br>RONDA J. WINNECOUR, et al. | Civil Action No. 2:12-cv-00517<br>LEAD CASE |

and

| | |
|---|---|
| APPELLANT<br>KEN GOLDSMITH<br><br>v.<br><br>APPELLEES<br>FIDELITY BANK OF PENNSYLVANIA, et al. | Civil Action No. 2:12-cv-00589<br>MEMBER CASE |

and

| | |
|---|---|
| APPELLANT<br>KEN GOLDSMITH<br><br>v.<br><br>APPELLEES<br>CONSTANCE LAMPFIELD LUCEY, et al. | Civil Action No. 2:12-cv-00684<br>MEMBER CASE |

and

| | |
|---|---|
| APPELLANT<br>IN RE KEN GOLDSMITH<br><br>v.<br><br>APPELLEES<br>RIVER HOUSE ANTIQUES, et al. | Civil Action No. 2:12-cv-01315<br>MEMBER CASE |

# MEMORANDUM OPINION

**Mark R. Hornak, United States District Judge**

Before the Court are four (4) bankruptcy appeals filed by Appellant-Debtor Ken Goldsmith from the bankruptcy case at docket number 12-21157-JAD. These appeals come from orders issued by Bankruptcy Judge Jeffery A. Deller on four separate dates, all of which this Court has consolidated under Civ. A. No. 2:12-cv-00517. For the reasons that follow, all four appeals must be dismissed.

## I. BACKGROUND

On March 7, 2012, Mr. Goldsmith filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code, 11 U.S.C. §§ 1301-30. At that time, Mr. Goldsmith was residing in an apartment in Pittsburgh, Pennsylvania owned by Constance Lampenfield Lucey. Apparently from the outset of the bankruptcy case, Mr. Goldsmith was concerned that his landlord would seek to evict him, and sought a declaration of the Bankruptcy Court as to the reach of the protections of the automatic stay provisions of 11 U.S.C. § 362, along with an injunction against his landlord and various state officers of Allegheny County.

After conducting a hearing on the matter, the Bankruptcy Court issued an order on March 12, 2012. There, that court acknowledged that while the stay was generally applicable to Mr. Goldsmith's residence in the apartment, because it found evidence that the apartment was not being kept in a clean, safe, and habitable condition, and because it found evidence that Mr. Goldsmith possibly had no legal right to, or interest in, the leased premises, it lifted the automatic stay pursuant to 11 U.S.C. § 362(d) for a period of time as to allow Ms. Lucey to proceed with litigation against Mr. Goldsmith in state court. 12-cv-517 ECF No. 1-5 ("March 12 Order"). That order also set a timetable in which Mr. Goldsmith had to clean the premises,

permitted Ms. Lucey to inspect the premises and ensure its cleanliness. The Court reserved the authority to lift the stay more permanently if Mr. Goldsmith failed to do so. *Id.* Mr. Goldsmith timely appealed the March 12, 2012 Order to this Court, which is the subject of the present appeal at 12-cv-517.

Another hearing was held on March 23, 2012, at which the Bankruptcy Court addressed Mr. Goldsmith's (non)compliance with the March 12 Order, a motion filed by Mr. Goldsmith to stay the March 12 Order pending its appeal to this Court, and other various "emergency motions" he filed in the interim. The Bankruptcy Court's conclusions were embodied in a set of orders on March 26 (collectively, "March 26 Orders"). First, the Bankruptcy Court found that Mr. Goldsmith had not complied with the March 12 Order and had kept the apartment in a state of deterioration, with "several feet of debris or trash" and human excrement remaining in the apartment. 12-cv-589 ECF No. 1-18 at 2. Finding that the conditions in the apartment posed a risk to Ms. Lucey's proprietary interest in it and to the welfare of the other tenants in the apartment, the Bankruptcy Court granted relief from the automatic stay under 11 U.S.C. § 362(d) to permit Ms. Lucey to seek Mr. Goldsmith's eviction under state law. *Id.* Second, the Bankruptcy Court denied Mr. Goldsmith's motion seeking protection from Ms. Lucey's actions. 12-cv-589 ECF No. 1-20. Third, that court denied Mr. Goldsmith's motion to stay the effectiveness of the March 12 Order pending its appeal in this Court. 12-cv-589 ECF Nos. 1-22, 1-24. Mr. Goldsmith timely appealed the March 26 Orders to this Court, which are the subject of the present appeal under 12-cv-589.

The situation continued into the month of April, 2012. It appears that when Mr. Goldsmith's landlord sought his eviction from the apartment, there arose a disagreement as to how to handle Mr. Goldsmith's personal property, especially items that the landlord regarded as

3

trash but Mr. Goldsmith did not. On April 3, 2012 the Bankruptcy Court issued an order allowing Mr. Goldsmith a period of time to review and recover any personal property that his landlord regarded as trash but he did not, but ordering that if Mr. Goldsmith failed to relocate them, they would be deemed abandoned from the bankruptcy estate. 12-21157 ECF No. 95.[1] Mr. Goldsmith did not appeal that order, although he filed several more emergency motions regarding the recovery of his personal property.

The Bankruptcy Court held a hearing on those motions on April 12, 2012, which was followed by an order on April 13. That court found that Mr. Goldsmith had failed to recover his property as set forth in its previous order, and thus denied his various emergency motions objecting to the fact that some of his property was now being held in a dumpster, finding that "it appears that the landlord and/or any of the other respondents have not been violating any orders of this Court." 12-cv-684 ECF No. 1-13 at 3 ("April 13 Order"). Mr. Goldsmith timely appealed the April 13 Order to this Court, which is the subject of the present appeal at 12-cv-684.

Significantly, on April 13, 2012 the Bankruptcy Court also issued a "Rule to show cause why Chapter 13 Bankruptcy case should not be converted to Chapter 7 and/or dismissed." 12-21157 ECF No. 121. The Bankruptcy Court noted that based on Mr. Goldsmith's representations at the various hearings, it appeared he was not likely an "individual with regular income" as required to be eligible for Chapter 13 relief, *see* 11 U.S.C. § 109(e), and that court set a show cause hearing for April 24, 2012. Mr. Goldsmith never appealed that Rule to Show Cause. Mr. Goldsmith did not appear at the hearing on April 24, 2012. On that date, the Bankruptcy Court dismissed Mr. Goldsmith's underlying bankruptcy case on the grounds that he

---

[1] The Court takes judicial notice of the Bankruptcy Court docket and orders which are filed of record and necessary to the resolution of this appeal. *See* Fed. R. Evid. 201; *I.R.S. Dept. of Treasury of U.S. v. Johnson*, 415 B.R. 159, 160 n.1 (W.D. Pa. 2009); *United States v. Falcone*, CIV.A. 09-2269, 2010 WL 1372435, at *1 n.1 (D.N.J. Mar. 31, 2010).

4

had not established that he was entitled to relief under Chapter 13, but without prejudice as to allow Mr. Goldsmith to file a petition under Chapter 7. 12-21157 ECF No. 139 ("April 24 Order"). Notably, Mr. Goldsmith never appealed the April 24 Order, and the time for him to do so elapsed in early May, 2012. *See* Fed. R. Bankr. P. 8002 (requiring appeals within 14 days of entry of order appealed from).

On June 22, 2012 Mr. Goldsmith then filed before this Court a motion relating to his appeals in 12-cv-517 and 12-cv-589, seeking this Court's intermediate intervention in what he represented to be the imminent destruction of his personal property, which was then located in a public warehouse in the East Liberty/Shadyside area of Pittsburgh. 12-cv-517 ECF No. 2. On the same date, this Court issued a precautionary Order ("June 22 Order") directing all persons in control of the property not to dispose of or destroy such property, until it held a hearing on the matter on July 3, 2012. At the hearing, this Court found that Mr. Goldsmith was both living and storing his property at the warehouse, in extremely unsanitary conditions. Memorandum Opinion July 3, 2012, 12-cv-517 ECF No. 5 ("July 3 Order"). The warehouse was being used for storage by River House Antiques, a business operated by Mr. Goldsmith's mother; his "personal property [was] located at the public warehouse solely as a result of the license of his mother, one completely revocable at will." *Id.* at 3. This Court determined that jurisdiction over matters related to Mr. Goldsmith's personal property, because they were not sufficiently related to the subject matter of his appeal, would lie (if at all) in the Bankruptcy Court and not in this Court. Therefore, on July 3, 2012 this Court issued an order extending the provisions of its June 22 Order until July 5, to allow any interested person to seek relief in the first instance from the Bankruptcy Court, which would further extend to July 9 if the relief was sought before its expiration. *Id.* at 4.

Back in Bankruptcy Court, Mr. Goldsmith sought and was granted another extension of time for the protections of this Court's June 22/July 3 Orders. 12-21157 ECF No. 161. The Bankruptcy Court held a hearing on July 31, 2012 on the matters related to Mr. Goldsmith's possessions located at the warehouse. That court determined in its Memorandum Opinion of August 2, 2012 that because Mr. Goldsmith's Chapter 13 case had been dismissed on April 24, 2012, and because Mr. Goldsmith had neither filed for relief under Chapter 7, nor timely appealed the dismissal of his Chapter 13 case, there was no longer a "bankruptcy estate" in existence over which the Bankruptcy Court had subject matter jurisdiction. 12-cv-1315 ECF No. 1-2. That court therefore entered an accompanying order on that date dismissing Mr. Goldsmith's motions for lack of subject matter jurisdiction. 12-cv-1315 ECF No. 1-3 ("August 2 Order").

Mr. Goldsmith timely appealed from the August 2 Memorandum Opinion and accompanying Order to this Court, which is the subject of the present appeal at 12-cv-1315. Mr. Goldsmith has had no further activity in the Bankruptcy Court that is before this Court on appeal, and no further activity is reflected on the docket for case 12-21157, which is marked closed as of April 24, 2012.

In a series of orders, this Court consolidated all four of Mr. Goldsmith's appeals under 12-cv-517. To summarize, the appeals are as follows: (1) the March 12 Order at 12-cv-517; (2) the March 26 Orders at 12-cv-589; (3) the April 13 Order at 12-cv-684; and (4) the August 2 Order at 12-cv-1315. The Clerk of the Bankruptcy Court transmitted partial records for each of those four (4) appeals to this Court because Mr. Goldsmith did not timely designate the contents of the record on appeal and file a statement of issues on appeal within the time required by Fed. R. Bankr. P. 8006. *See* W. Pa. LBR 8007-1. Mr. Goldsmith submitted a total of three appellate

briefs relating to his consolidated cases, on September 20, 2012, December 20, 2012, and January 3, 2013.[2] 12-cv-517 ECF Nos. 12, 15, 17. No appellee briefs were filed. The Court has carefully considered Mr. Goldsmith's briefs, as well as the entire appellate record, and has carefully reviewed the orders and opinions of the Bankruptcy Court as described above.

## II. DISCUSSION

This Court has jurisdiction pursuant to 28 U.S.C. § 158(a), which grants the district courts jurisdiction over "appeals from judgments, orders, and decrees" of the bankruptcy court. An order lifting an automatic stay is an appealable order. *In re Connors*, 497 F.3d 314, 318 (3d Cir. 2007). This Court reviews the Bankruptcy Court's legal determinations *de novo* and its factual findings for clear error. *Id.*; *see* Fed. R. Bankr. P. 8013.

Like other federal courts, bankruptcy courts are courts of limited jurisdiction. *In re W.R. Grace & Co.*, 591 F.3d 164, 175 (3d Cir. 2009). Generally speaking, bankruptcy courts have subject matter jurisdiction only over disputes that could affect the administration of the bankruptcy estate. *In re Ragland*, Nos. 05-18142 & 05-31361, 2006 WL 1997416, at *4 (Bankr. E.D. Pa. May 25, 2006) (citing *Halper v. Halper*, 164 F.3d 830, 837 (3d Cir. 1999)); 28 U.S.C. § 1334. Whether subject matter jurisdiction is present may be (and must be) considered at any time in the proceedings. *See, e.g., Brown v. Phila. Hous. Auth.*, 350 F.3d 338, 347 (3d Cir. 2003) (citing Fed. R. Civ. P. 12(h)(3)).

---

[2] Mr. Goldsmith's January 3, 2013 brief, filed under seal, seems to address some matters outside the subject matter of his appeals. For example, it states that the "current possessor" of Mr. Goldsmith's property has or will be conducting an Internet sale of the property, and that a motion seeking injunctive relief from such action is forthcoming. 12-cv-517 ECF No. 17 at 2. It also levies accusations that Bankruptcy Judge Deller exhibited a personal bias against Mr. Goldsmith in the bankruptcy proceedings. *Id.* at 4-5. For the reasons discussed below, the Court concludes that the dismissal of Mr. Goldsmith's bankruptcy case resulted in the extinguishing of any bankruptcy estate; as such, this Court sitting in appellate review over that case is without authority over Mr. Goldsmith's assets. In short, any recourse if Mr. Goldsmith seeks to protect this property from feared disposal or conversion lies outside this Court. The Court has carefully considered all of the arguments that Mr. Goldsmith has offered in his three appellate briefs regarding the bankruptcy proceedings, and is mindful of his *pro se* status, in reaching the conclusions discussed below.

The Third Circuit recently dismissed as moot a debtor's appeal in circumstances nearly identical to those presented here. In *In re Ponton*, 446 F. App'x 427 (3d Cir. 2011), the debtor appealed an order of the bankruptcy court that had lifted an automatic stay. After that appeal was filed, the Bankruptcy Court dismissed the case altogether, a decision that the debtor did not appeal. *Id.* at 428. The court of appeals held that the debtor's appeal was moot, reasoning that

> it would serve no purpose for us to determine whether the Bankruptcy Court properly lifted the automatic stay now that there is no bankruptcy proceeding whatsoever in which to ground a stay. Simply put, even if the Bankruptcy Court's lifting of the stay was somehow erroneous, we could not redress it now that an order of dismissal, which Ponton did not challenge, has been entered.

*Id.* at 429 (citing *Olive St. Inv. v. Howard Sav. Bank*, 972 F.2d 214, 216 (8th Cir. 1992)) (internal quotations and marks omitted). The reasoning of our Court of Appeals is joined by a number of agreeing opinions in its sister circuits on this matter. *See In re Income Property Builders, Inc.*, 699 F.2d 963, 964 (9th Cir. 1982) ("the automatic stay provided in 11 U.S.C. § 362(a) was dependent upon the operation of the bankruptcy law, and that law was pertinent only because of the existence of a proceeding in bankruptcy"); *Gorczakoski v. E. Airlines Fed. Fin. Credit Union, Inc.*, 39 F.3d 1166 (1st Cir. 1994) (unpublished opinion); *Olive St.*, 972 F.2d at 216.

Mr. Goldsmith's first three appeals are from lifts of an automatic stay.[3] The Bankruptcy Court's March 12, March 26, and April 13 Orders all amounted to the initiation, extension, or maintenance of lifts on the § 362(a) stay(s) that applied to Mr. Goldsmith's tenancy and personal property, which were executed by the Bankruptcy Court pursuant to § 362(d). *See* 12-cv-517

---

[3] The Court has thoroughly considered the robust record developed by the Bankruptcy Court over the course of a multitude of proceedings in these matters. That review reveals that the Bankruptcy Court was quite solicitous of Mr. Goldsmith's *pro se* efforts to make his case. The record also reveals that the Bankruptcy Court exercised great patience and restraint in repeatedly providing Mr. Goldsmith with opportunities to remedy the seemingly horrendous conditions of his rented space. The record before this Court demonstrates that when the Bankruptcy Court did rule in issuing the four (4) Orders that are before this Court, it did so upon a properly-developed factual record, with the application of sound legal reasoning, and only after providing Mr. Goldsmith with multiple opportunities to make his case, both in open court and in numerous written submissions. That record simply does not reveal any clear factual error, or error of law, on the part of the Bankruptcy Court.

ECF No. 1-5, 12-cv-589 ECF Nos. 1-18, 1-22, 1-24; 12-cv-684 ECF No. 1-13. On April 24, 2012, the Bankruptcy Court dismissed Mr. Goldsmith's actual bankruptcy case, an order from which Mr. Goldsmith never appealed. 12-21157 ECF No. 139; *see* Fed. R. Bankr. P. 8002 (requiring appeals within 14 days of entry of order appealed from). These facts put Mr. Goldsmith's case on identical footing with the courts of appeals cases noted above. The Third Circuit, joined by three other Circuits, has ruled on this question. This Court is powerless to afford Mr. Goldsmith any relief regarding those lifts of stay, because there is no longer a bankruptcy estate in existence over which to exercise any such authority. The Court holds that because Mr. Goldsmith's bankruptcy case has been dismissed, the three appeals in 12-cv-517, 12-cv-589, and 12-cv-684 must be dismissed as moot.

For similar reasons, 12-cv-1315, which appeals the August 2 Order, must also be dismissed. In the motion that was the subject of that order, Mr. Goldsmith asked the Bankruptcy Court to compel certain individuals to not interfere with his personal property then located at a warehouse, which that court denied. *See* 12-cv-1315 ECF No. 1-2 at 2. As previously discussed, there is (and was) no longer any bankruptcy estate in existence due to the dismissal of Mr. Goldsmith's case on April 24, 2012, and therefore its assets can no longer be protected by this Court. Therefore, for the same reasons that this Court could not afford Mr. Goldsmith any relief for the Bankruptcy Court's lifting of a stay, improper or not, it cannot afford Mr. Goldsmith any relief for its failure to impose one in August, 2012, and that appeal is also dismissed.[4]

Because Mr. Goldsmith's four (4) appeals seek relief that this Court is without the power to grant, they are dismissed. An appropriate order will issue.

---

[4] It is worth noting that the August 2 Order and Mr. Goldsmith's underlying motion were issued well after the period for appealing the dismissal of the bankruptcy case had elapsed in early May, 2012. Mr. Goldsmith's appeal of the August 2 Order (denying his motion for lack of subject matter jurisdiction) thus cannot by any measure be considered as some sort of "relating-back" appeal of the April 24, 2012 dismissal of the bankruptcy case.

9

_____
Mark R. Hornak
United States District Judge

Dated: January 9, 2013

cc: All counsel of record
Mr. Ken Goldsmith, pro se